IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESMOND ABERNATHY, | : | |
|     *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 17-2784 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
|     *Defendants*. | : | |

**ORDER**

**AND NOW**, this 28th day of March, 2022, upon consideration of the various motions and letters submitted by pro se Plaintiff Desmond Abernathy since the Court's previous order in this matter (ECF Nos. 84, 85, 88, and 91–94), it is hereby **ORDERED** that Plaintiff's motions are **DENIED**.[1]

---

[1] As recounted by the Court in multiple prior orders in this matter, Plaintiff mailed a letter dated March 7, 2020 to the Clerk of Court that stated: "I'm sending [] this missive to withdraw [the] above civil action civil [sic] suit, [] which I no longer wish to pursue." (ECF No. 29.) The letter was postmarked on March 10th and received by the Clerk's office on March 11th. (*Id.*) The next day, in accordance with Plaintiff's request, the Court entered a final order dismissing Plaintiff's remaining claims and closing the case. (ECF No. 30.) In the months that followed, Plaintiff proceeded to file a litany of "motions," letters, and amendments thereto indicating that he had apparently reconsidered and now wanted to pursue his prior claims. The Court issued an order informing Plaintiff that if he wanted to reopen the case, "he would need to file a motion pursuant to Federal Rule of Civil Procedure 60(b), which provides for relief from final judgments or orders in certain circumstances." (ECF No. 54.) Plaintiff then filed over twenty (20) more "motions," "amended motions," and letters—none of which contained any valid basis for reopening the case. Particularly nonsensical was Plaintiff's suggestion that he withdrew his case by mistake due to being confused by an order that was signed by the Court on March 9, 2020 (and not docketed until March 10th), given that the letter withdrawing his claims was dated March 7, 2020. Accordingly, as the Court explained in the order denying Plaintiff's myriad motions, it was "left with no explanation for what happened other than the simplest one": Plaintiff decided to withdraw his case but then changed his mind. (ECF No. 82 (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) ("extraordinary circumstances rarely exist [under Rule 60(b)(6)] when a party seeks relief from a judgment that resulted from the party's deliberate choices")).)

Plaintiff has now filed several similar motions and letters, all of which must again be denied. As before, Plaintiff appears to suggest that he withdrew his lawsuit by mistake, claiming that "he misunderstood what was conveyed to him." (ECF No. 85 at 3 of 18.) But, also as

BY THE COURT:

/s/ C. Darnell Jones, II
**C. Darnell Jones, II   J.**

---

before, Plaintiff does not explain what it is that he "misunderstood," nor why/how that purported misunderstanding caused him to mail a letter to the Clerk of Court requesting that his case be withdrawn because he "no longer wish[ed] to pursue" it.  (ECF No. 29.)  While not entirely clear from his various filings, to the extent Plaintiff again suggests that it was the Court's March 9, 2020 Order that caused his "misunderstanding" and led him to withdraw his case, the Court again reminds Plaintiff that he withdrew his case via letter dated March 7, 2020.  But in any event, a Rule 60(b)(1) motion claiming "mistake" cannot be made "more than a year after the entry of the judgment or order" at issue.  Fed. R. Civ. P. 60(c)(1).  The order closing this matter was entered on March 12, 2020, so relief under Rule 60(b)(1) is no longer available to Plaintiff, and it was unavailable at the time all of his instant filings were submitted.  Furthermore, Rule 60(b)(6) is only applicable in "extraordinary circumstances," which Plaintiff has certainly not shown to exist here.  *See, e.g.*, *Walsh v. U.S.*, 639 F. App'x 108, 112 (3d Cir. 2016).  The Court also notes that, at this point, it is almost certainly too late for Plaintiff to file any further motions under Rule 60(b)(6).  *See, e.g.*, *Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that a Rule 60(b)(6) motion filed almost two years after the judgment was not made within a reasonable time).